The third case for argument is United States v. Michael Marechale. Good morning, Mr. Hanson. We'll hear from you first. Good morning, Your Honors. May it please the Court. Brad Hanson for Michael Marechale. Mr. Marechale was convicted at a jury trial in the Southern District of Iowa of receipt of child pornography. The District Court sentenced him to 300 months' imprisonment. On appeal, he raises two trial evidentiary issues for the Court's consideration. First, he argues that the District Court committed plain error by admitting evidence of Mr. Marechale's prior conviction from Nebraska for the offenses of third-degree sexual assault and attempted second-degree sexual assault. Second, Mr. Marechale argues that the District Court abused its discretion by overruling his objection to purported expert testimony regarding the implausibility of hacking as an explanation for the illegal imagery on Mr. Marechale's devices. Subject to the Court's questions and time, I intend to focus my comments today on the first issue with respect to the prior conviction. At the time of trial, Mr. Marechale had a conviction from 2014 from the State of Nebraska for sexual assault-related offenses. This evidence was admitted during the very short trial that Mr. Marechale had. Mr. Marechale was 20 years old when he was convicted in Nebraska of these offenses, and the victims were 14 and 15-year-olds. Now, I think it's important in assessing this issue to consider the jury instruction that the District Court gave to the jury for its consideration of this prior conviction evidence. Now, the elephant in the room is I have not challenged that jury instruction on appeal, and the reason is probably obvious. That jury instruction stemmed from a joint proposed set of jury instructions that the District Court later adopted, and this Court's precedent is clear that that's a completely different set of jury instructions. There is no complete waiver when an erroneous instruction is given under those circumstances. Nonetheless, the instruction is important to this issue because it provides information as to what went wrong at the District Court level. And what went wrong is it seems as if all involved at the District Court level assumed that the evidence of the prior convictions from Nebraska was admissible under an exception to the rule against propensity evidence, either under Rule 413 or Rule 414. Why do you say that? I thought there was a 404B notice, and why should we exclude that as an understanding of what happened? There was a Rule 404B notice filed by the government before trial, but ultimately the jury instruction that was proposed by the parties and adopted by the District Court was a variation of this Court's instruction for Rule 413 or Rule 414 evidence. In fact, if you look at the joint proposal, there's a citation at the bottom to the source for it, and the source is this Court's stock instruction for Rule 413 and 414. But did the judge ever say this is coming in under a particular rule? The judge never made a ruling on this. No objection to the evidence. Sure. Mr. Markley, I would say, perhaps foreshadowed an objection to the prior conviction evidence in a trial brief, but he didn't follow that up with a motion in limine and he did not object at trial, so plain air review does apply. I just wanted to finish on the 404B. Even if it wasn't proffered that way in the instruction, could that be a basis to say it was not plain air? If it could have come in under 404B. This Court, of course, can affirm on any basis that's apparent from the record, so the short answer to your question, Chief Judge Gallatin, is yes. But I think it's also important for context to understand how the jury was instructed it could consider the evidence, and that was for any matter to which it thought it was relevant, which would include, of course, propensity evidence. At this stage, I know the government expressly conceded that the evidence was not admissible under Rule 414 dealing with prior instances of child abuse. I know the government expressly conceded that the evidence was not admissible under Rule 414 dealing with prior instances of child abuse. That's why I didn't want you to spend all your time on rules that they concede or don't argue. Sure. I don't think this is proper 404B evidence anyway, regardless of the Court's jury instruction on Rule 413 and Rule 414. What about it having come in from motive? So the way Rule 404B is structured, you have to identify a non-propensity reason why the evidence would be relevant to motive. And here, the government did not do that, either in the Rule 404B notice or in its brief before this Court. The argument is essentially that Mr. Marcolay had a motive to victimize children as evidenced by the fact that he victimized children in the past. Which is just another way of saying he has a propensity to commit these types of crimes. I recognize that most of this Court's jurisprudence doesn't look at Rule 404B that way. But I'd point to, for example, Judge Kelly's concurrence in the Drew case that I cited in my brief. It's not enough for the government simply to list all these words under Rule 404B, too, and say, well, this evidence is admissible, because you can make an argument that's relevant to motive, you still have to take it away from propensity-based reasoning. And the government didn't do this in this case. And the fact of the matter is, even though this is plain air review, I think we usually look at a jury instruction, a limiting instruction, and say, well, that cured any error by the admission of this particular evidence. But here, I think the limiting instruction made it worse. Again, because it instructed the jury that they could consider that evidence for any purpose that they deemed relevant, including identity. So in a sense, the jury instruction was kind of an amalgamation of the Rule 414 instruction and the Rule 404B instruction. But it was almost leading, in a way, to suggest that the jury should think that the evidence was relevant to the issue of identity. And it just wasn't outside the context of propensity. With respect to plain air, certainly there was evidence that the devices at issue, the four devices, belonged to Mr. Markeley. There was identifying information, selfies, I think he admitted it on direct examination and cross-examination. But there was competent evidence that a jury could have considered suggesting that Mr. Markeley was not ultimately responsible for the child pornography imagery on his devices. You're talking prejudice now? Plain air, yes. Plain air meaning the third prong? Yes, Your Honor. It would be the defendant's burden to show prejudice. What's the evidence that suggested innocence or non-responsibility? Sure. There was evidence from the defendant's father that other individuals used Mr. Markeley's devices. There was evidence from a government witness, Mr. Markeley's girlfriend, that she looked at his devices and she had access to his devices as well. There was also evidence from Mr. Markeley himself. He was a gamer, a very sophisticated individual when it came to electronics. He dealt with people who were sophisticated with electronics, that he was concerned based on some of the things that he saw that hacking was a possibility for the illegal imagery on his devices. And so I think it's also important to understand how short this trial was. This is a trial where there were four government witnesses, two defense witnesses. The trial lasted less than two days. And in that context, when you have inadmissible evidence such as this, evidence that a defendant committed a prior sexual assault against children, that has more of an impact than if it would happen in a two-week trial. Maybe there's 50 witnesses where maybe the jury wouldn't think so much of it. I see my time is low. If there are no other questions, I'd reserve the rein of my time for rebuttal. You may. Thank you for your argument. Thank you. Ms. Sudman, we'll hear from you. Thank you, Court. Shelley Sudman, representing the United States. It's the government's position that Mr. Markeley's conviction should be affirmed. The government did submit a 404B notice that was filed prior to trial. After that notice was filed, there was no motion in limine filed by Mr. Markeley. There was no objection at the final pretrial conference, nor was there any objections filed during the trial. As to the prior conviction being admitted into evidence. What's important in this case is that... ...instruction happened to be formulated with a citation to a different rule. So the proposed jury instruction was submitted prior to the trial. And once that jury instruction was submitted prior to the trial, both the government and the defense agreed that that instruction was appropriate in this case. I know, but I'm asking, why did the government agree to that if you're now saying 413 and 414 are not the basis for admitting the evidence? The government never filed either one of those notices to the court. I know, I know, but I understood Mr. Hanson to say the jury instruction you submitted was based on rule 413 and 414. It was a joint instruction that was proposed. It did raise the issue of identity. At the very end of the instruction, it's clearly not the model of clarity. When the district court asked the parties, the district court acknowledged there were variations to the 404B instructions. Both parties agreed that this was the appropriate instruction for this case. At the end of the instruction, it does specifically state that it shouldn't be used for propensity, that standard language. So to say that the jury could rely on the conviction for propensity, that's, if you read the entire instruction, that's essentially what it says at the end that you aren't supposed to read. Counsel, it's my understanding that you mentioned the word identity as the non-propensity reason for the admissibility of this evidence. It's my understanding that that's what was argued before the district court. But identity doesn't seem to be relevant here. But then on appeal, the government asserts different bases, including intent and motive. Is that right? That is correct. And part of the issue is because this objection was never made, the parties didn't litigate the issue for the government to argue any other theories for the admissibility of the 404B evidence. And the reason it's the government's submission to this court, the reason is because Mr. Markley ended up using this evidence to bolster his defense. He admitted this information in his opening statement. He invited the error, essentially, as was discussed by Markley and Millard. He used this conviction as a basis for his defense in two ways. He said the police essentially had tunnel vision knowing that he had the prior conviction and that gamers or peers of his hacked him based on this prior conviction and being on the sex offender registry. So he took that opportunity to introduce this evidence to either to limit it, to explain it, to rationalize how this evidence would be admissible because as this hacking defense was important for Mr. Markley to argue, and the only way he was going to be able to argue that is if he testified. So that conviction would have come in as impeachment evidence regardless when he testified. So there was layers of reasons why the defense used this conviction to his benefit. And now, because that defense theory didn't work, he wants a different trial strategy. Initially, that was the defense. And even in Mr. Markley's brief, he says hacking was the most plausible defense. And so this theory was what the defense relied on throughout the trial and the prior conviction was necessary for that defense because it showed why someone would want to hack him in such a manner. And so... This instruction has got more problems than just being not merely a model of clarity. I mean, the instruction says, quote, you may consider the conviction to help you decide any matter to which it is relevant. And there's nothing that follows that that limits it and says, you know, and you come back and you'd say to determine the identity. It doesn't say about only the identity because that's really the only issue that was presented to the court under 404B. I mean, it's nice that now all of a sudden you've thought about your case and now you've come up with a theory that actually fits the rule, which is why they amended the rule. Because it used to be that prosecutors just always stood up and said motive of intent, plan preparation, absence of accident, Your Honor. And then they would never identify it. But the rule now requires you to identify the purpose for which it's being offered. And the purpose for which it was being offered that was identified was identity. And so this instruction should have said you may only consider it for identity and no other purpose. Then we'd be having a very different discussion here. And perhaps because it's invited error on the part of presenting it by stipulation, it's not before us. But I've got to tell you, I'm troubled by it. And I'm troubled by it because this is a repetitive thing we see from prosecution officers. They're sloppy about thinking about the reason why they're offering the evidence. They never tell us. And then we're at the end trying to fit square pegs in round holes. Sorry, comment on that? Well, yes. In the record, the government did say it may offer the evidence, this evidence for other reasons. And the court asked the government to let the court know based on how the theory of the case went. But Mr. Marcolay's testimony and the evidence supported identity because that was his argument. I didn't do it. Somebody else did it. It was either random people that I lent my phone to a couple times when my dad was there or this hacking defense. So the identity became more clearly of the issue. The other thing is this jury instruction was agreed upon by both parties which with that language that was included, any other purpose also invites the defense theories to be included for that other purpose as to why that conviction is important. So it's not just the reasons by the government, which the government did not include the self-exhaustive list of all the reasons why the 404B evidence was important in this case. But you are correct. The government did focus on identity based on the evidence that came in during the trial. In this case, for plain error to apply, the defense, Mr. Marcolay has to show that he was profoundly impacted by his ability to defend the case. But his whole defense was, I was hacked and I was hacked because I was a sex offender and I'm on the registry and that's why people decided to put child pornography on all of my devices. But then if you go back and you look at what evidence did the jury have aside from this conviction, which the government did not argue propensity ever throughout this case, the evidence was overwhelming that Mr. Marcolay had child pornography or artifacts of child pornography on four different cell phones, different kinds of cell phones, iPhone, Samsung, LG, and one other one. Anyways, he had all, so he had child pornography on all four devices over a pretty large period of time. He had a HiDetPro application on two of those devices. Child pornography and selfies in the HiDetPro. So the evidence, despite the jury instruction that was not clear, was not the model instruction, despite that, despite the admissibility of that 404B evidence, the evidence was overwhelming in this case for the jury to consider. Mr. Hansen didn't address the expert testimony issue. Does the court have any particular questions on that for the government? I do have one. What qualified Special Agent McCarthy as an expert in hacking? It seems rather weak. Well, Your Honor, the district court looked at, when he testified, he testified about his decade-long experience working in child pornography cases. He was a forensic interviewer, I mean, a forensic analysis for the last two years, but you include that whole decade of forensic interviews as well. And then he had spoken to one of his colleagues, and then he had also done cybersecurity in his past with training, and he had basically premised his opinion on the fact that over this whole span of time working these types of cases, he had never seen a case where cell phones had been hacked in this manner. And he also went on to explain why people hack cell phones for financial motivation and things of that nature. I am out of time. Anyone? Thank you. Your Honors, the government would ask that Mr. Markley's conviction be affirmed. All right. Thank you for your argument. We'll hear rebuttal. Mr. Hanson? Thank you, Your Honors. Ms. Siegman said or suggested that the jury instruction that was actually used in this case did not tell the jury that they could use the evidence for propensity purposes, but it was this circuit's model instruction for Rule 413 and Rule 414, which are exceptions to the rule against propensity. And it instructed the jury they could use the evidence for any matter that they thought it was relevant for. Yes, it said that the jury could not convict the defendant just because he had committed an offense before, but it was the propensity evidence instruction that was given to the jury. Why isn't the admissibility also an invited error? I mean, if the defense agreed to the instruction, which says the evidence is coming in, why didn't the defense also invite the admission of the evidence? And I think this goes to one of Ms. Siegman's arguments about how the defense needed to use this evidence to support the hacking theory, and that's just not true. The defense, at the point that it came up with the defense theory, knew that the government intended to offer this evidence. There would have been notice of Exhibit 17, which was the evidence of the prior conviction, knew that Investigator Hills would testify about the prior conviction, and when you're in that position as a defense attorney, you have to deal with that evidence in some way, but it wasn't necessary to the defense in any way. No defense can do that. Because they're separate things. The admissibility of the evidence is separate and apart from how the jury is instructed. They could use the evidence. Did you object when it was coming in? No, as I said. And we're saying you've told the judge it's coming in and here's the instruction you want, then you don't object. I mean, I'm as critical about that as I am the rest of it. It seems to me that's just an undivided error at that point as well. I mean, what you've done is you've told the judge it's coming in, and then when it's offered, you don't object. May I respond, Judge? Yeah. I'm not aware of case law that says that it's a complete waiver when the defendant doesn't object to evidence that's coming in, even if they waive the jury instruction issue. I think they are separate things. I would love to go back and make all the objections that would preserve review, but I still think it's plain error view on the prior conviction. If there are no other questions, I'd ask the Court to reverse Mr. Marcolay's conviction. Thank you. Very well. Thank you. Thank you to both counsel. The case is submitted and the Court will file a decision in due course. Counsel are excused.